# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
BRANDON B. SMITH, BAR NO. 7916.

No. 73214

**FILED**

NOV 16 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER REJECTING CONDITIONAL GUILTY PLEA AGREEMENT AND REMANDING*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Brandon B. Smith.[1] Under the agreement, Smith admitted to violating RPC 8.4(b) (misconduct: criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer) and has agreed to a two-year suspension commencing from the date he was released on parole (October 14, 2016), with conditions on his reinstatement.

---

[1]On July 21, 2015, this court temporarily suspended Smith under SCR 111(7), pending the disciplinary proceedings. Additionally, Smith has been administratively suspended for failing to comply with mandatory continuing legal education requirements.

17-39535

Smith has admitted to the facts and violation alleged in the complaint. The record therefore establishes that Smith violated RPC 8.4(b) as he was convicted of five misdemeanors and one felony between December 12, 2011 and January 8, 2015. Smith was convicted of two separate incidents of misdemeanor battery domestic violence, two separate incidents of driving under the influence, and one instance of contempt of court. Additionally, Smith was convicted of battery by strangulation (category C felony) and sentenced to 19 to 48 months in prison. He was released on parole on October 14, 2016.

In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Smith admitted that he knowingly violated his duty to the public to maintain personal integrity. Further, he admitted that his clients were at risk of injury, including interference with adequate representation in their criminal defense, as a result of Smith's alcoholism and representation of at least one client while intoxicated. There are four aggravating circumstances (pattern of misconduct, multiple offenses, substantial experience in the practice of law, and illegal conduct) and eight mitigating circumstances (absence of prior disciplinary record; absence of dishonest or selfish motive; current cooperative attitude toward proceeding; chemical dependency; delay in disciplinary proceedings; interim rehabilitation; imposition of other penalties or sanctions, in this case incarceration; and remorse). SCR 102.5.

 

The baseline sanction before considering aggravating and mitigating circumstances is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 5.12 (Am. Bar Ass'n 2015) ("Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct . . . that seriously adversely reflects on the lawyer's fitness to practice."). Considering all four factors, we conclude that the agreed-upon discipline is insufficient to serve the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (providing that the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney). Accordingly, we reject the conditional guilty plea agreement and remand this matter to the Southern Nevada Disciplinary Board for further proceedings.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

PICKERING, J., concurring:

I concur in the decision to reject the conditional guilty plea agreement. This court temporarily suspended Smith effective July 21, 2015. I would approve a two-year suspension commencing from the date of the conditional guilty plea, January 13, 2017, rather than a suspension retroactive to the date that Smith was released on parole. This would yield a total suspension of 42 months, which is in line with that imposed in other comparable cases.

_Pickering_ , J.
Pickering

cc:    Chair, Southern Nevada Disciplinary Board
Law Offices of Brandon B. Smith, P.C.
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada

